[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 130.]

OFFICE OF DISCIPLINARY COUNSEL *v*. RIESER.

[Cite as *Disciplinary Counsel v. Rieser*, 1995-Ohio-67.]

*Attorneys at law—Misconduct—Public reprimand—Neglect of an entrusted legal matter.*

(No. 94-2650—Submitted January 24, 1995—Decided May 3, 1995.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-16.

_____

{¶ 1} Relator, Office of Disciplinary Counsel, charged respondent, David Paul Rieser of Columbus, Ohio, Attorney Registration No. 0025247, with two counts of misconduct, both involving, *inter alia*, violations of DR 6-101(A)(3) (neglect of an entrusted legal matter). A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court heard the matter on November 11, 1994.

{¶ 2} Evidence submitted to prove Count I established that an attorney in New York State retained respondent in 1984 to pursue collection remedies in Ohio for a judgment debt owed to a New York hospital. The referring attorney paid respondent $150 for this service, in addition to offering a contingent fee. On July 10, 1984, respondent sent a letter to the debtor demanding payment, and he sent a status report his client on July 27, 1984. Thereafter, the referring attorney asked respondent for further progress reports on December 6, 1984, January 8, 1985, and February 12, 1985, but respondent did not reply.

{¶ 3} In June 1985, respondent filed a complaint against the debtor and advised his client accordingly. He received another request for a status report from the referring attorney on or around August 12, 1985, and he replied on August 21, 1985. Trial in the collection case was set for October 7, 1985, but the parties settled

beforehand, and respondent forwarded a proposed judgment entry reflecting the settlement to the debtor's counsel.  In late November 1985, however, respondent learned that the debtor had reneged on the settlement agreement and that his counsel had withdrawn.

{¶ 4} Thereafter, the referring attorney requested status reports on December 20, 1985, January 24, 1986, and April 14, 1986.  Respondent finally replied on April 28, 1986, by advising his client that the debtor's counsel had withdrawn and that he anticipated filing a motion for summary judgment.  The referring attorney requested additional progress reports on August 8, 1986, December 31, 1986, February 26, 1987, and May 12, 1987, but respondent again did not reply.

{¶ 5} In October 1989, the referring attorney filed a grievance with relator. On November 7, 1989, respondent advised relator that he had refunded his client's $150 fee and had arranged with the client to finish work on the collection case within sixty days.  Relator closed its investigation of the grievance based on this information.

{¶ 6} On April 20, 1992, the referring attorney again complained to relator about respondent's lack of action and failure to report to his client.  At his deposition on June 24, 1992, respondent admitted that he had done nothing in the collection case, but promised again to resolve the matter to his client's satisfaction.  Even after his deposition, however, respondent still failed to complete the work needed.  After receiving notice from relator of relator's intent to file a formal complaint against him, respondent forwarded a certified check in the amount of $2,100 to his client in settlement of any claims against himself in regard to his collection efforts.  In turn, he received an assignment of the claim against the debtor.

{¶ 7} Evidence submitted to prove Count II of the complaint established that Barbara I. Herschaft  engaged respondent in the spring of 1987 to represent her in a workers' compensation claim.  Respondent filed the claim sometime before

March 7, 1991, when his client received notice that a hearing had been set for March 19, 1991. Herschaft's husband subsequently called respondent and advised that she was out of the country and unavailable on March 19. Respondent replied that he would arrange for a continuance of the hearing, but he failed to make a written request for a continuance. Herschaft's claim was disallowed when she did not appear on the hearing date.

**{¶ 8}** Respondent filed an appeal in Herschaft's case on April 16, 1991, but then allowed the case to languish.

**{¶ 9}** At his June 24, 1992 deposition, respondent promised to take the steps needed to remedy the problems in Herschaft's case. Respondent did not act until February 11, 1994, when he forwarded to his client the file documents in his possession and advised her that he had requested rescheduling of the hearing at which her claim had been disallowed.

**{¶ 10}** The panel determined from this evidence that respondent had committed two violations of DR 6-101(A)(3). In recommending a sanction, the panel considered testimony in which respondent acknowledged his failure to properly attend to these cases. Respondent attributed his inattentiveness, in part, to an overwhelming caseload, which he has since reduced, and the breakup of his marriage. The panel recommended that respondent be publicly reprimanded.

**{¶ 11}** The board adopted the panel's findings of misconduct and its recommendation.

_____

*Geoffrey Stern*, Disciplinary Counsel, and *Harald F. Craig III*, Assistant Disciplinary Counsel, for relator.

*Dennis C. Belli*, for respondent.

_____

*Per Curiam.*

{¶ 12} We have reviewed the record and agree that respondent neglected two cases in violation of DR 6-101(A)(3). We also agree with the recommended sanction. Therefore, we hereby reprimand David Paul Rieser for this misconduct. Costs taxed to respondent.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

MOYER, C.J., and WRIGHT, J., dissent.

PFEIFER, J., dissents and would dismiss the cause.

———————————

**WRIGHT, J., dissenting.**

{¶ 13} I respectfully dissent, because I would impose upon respondent a suspended six-month suspension from the practice of law in Ohio.

MOYER, C.J., concurs in the foregoing dissenting opinion.

———————————