CLEVELAND BAR ASSOCIATION *v.* SMITH.

CUYAHOGA COUNTY BAR ASSOCIATION *v.* SMITH.

[Cite as *Cleveland Bar Assn. v. Smith,* 120 Ohio St.3d 298, 2008-Ohio-6138.]

(Nos. 2008–0760 and 2008–0763—Submitted July 22, 2008—Decided December 3, 2008.)

---

**Per Curiam.**

{¶ 1} Respondent, Rene' Darlene Smith of Euclid, Ohio, Attorney Registration No. 0061284, was admitted to the practice of law in Ohio in 1993.

{¶ 2} In case No. 2008–0760, the Board of Commissioners on Grievances and Discipline recommends that we indefinitely suspend respondent from the practice of law based on findings that she abandoned four clients' cases and then failed to cooperate in the investigation of this professional misconduct. In case No. 2008–

0763, the board recommends a two-year suspension, to be served concurrently with the indefinite suspension, based on findings that respondent deserted another two clients and then ignored attempts to investigate their grievances. For all these ethical breaches, we indefinitely suspend respondent's license to practice law.

{¶ 3} Relators, Cleveland Bar Association and Cuyahoga County Bar Association, charged respondent with violations of the Code of Professional Responsibility, the Rules of Professional Conduct,[1] and the Gov.Bar R. V(4)(G) requirement that lawyers cooperate in disciplinary investigations. When service could not be perfected at the address on file for respondent with the Office of Attorney Services or at a last known address, the board served the complaints on the Clerk of the Supreme Court pursuant to Gov.Bar R. V(11)(B) (the Clerk is the agent for service of process when the whereabouts of Ohio lawyers are unknown). Respondent failed to answer the complaints, and pursuant to Gov.Bar R. V(6)(F), relators moved for default. A master commissioner appointed by the board granted relators' motions for default relative to charges asserted in five grievances that clients had filed against respondent and various violations of Gov.Bar R. V(4)(G). The master commissioner then made findings of fact, conclusions of law, and recommendations, all of which the board adopted.[2]

## I. Misconduct

### A. Failure to Cooperate in the Disciplinary Investigations

{¶ 4} Regarding case No. 2008–0760, respondent failed to respond to six letters of inquiry that relator Cleveland Bar Association sent to investigate grievances filed against her. Regarding case No. 2008–0763, respondent also did not respond to letters inquiring about two grievances. The board found that respondent had thereby violated Gov.Bar R. V(4)(G), and we adopt this finding.

### B. Case No. 2008–0760

1. The Johnson–Butler Grievance

{¶ 5} Glenda Johnson–Butler retained respondent in November 2006 to help her file for divorce. Respondent agreed to prepare and file the necessary documents for a fee of $2,400, of which Johnson–Butler paid $800. Respondent sent the divorce documents to her client, seeking signatures from both Johnson–

---

1. Events underlying relators' complaints took place before and after February 1, 2007, the effective date of the Rules of Professional Conduct, which supersede the Disciplinary Rules of the Code of Professional Responsibility.

2. The master commissioner and board dismissed charges stemming from Tina F. Basinger's hearsay claim that respondent improperly represented Basinger's former husband in their divorce.

Butler and her husband. They returned the papers with signatures in early December 2006, but respondent failed to file the documents in court.

{¶ 6} For the rest of that December, Johnson–Butler attempted to contact respondent by telephone to determine the status of the divorce. Respondent did not return any telephone calls. When Johnson–Butler visited respondent's office in early January 2007, she found the office vacant. Respondent did not return any of Johnson–Butler's $800 or the signed documents.

{¶ 7} For the failure prior to February 1, 2007, to conscientiously attend to Johnson–Butler's divorce case, the board found respondent in violation of the following provisions of the Code of Professional Responsibility: DR 1–102(A)(6) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law), 6–101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter), 7–101(A)(2) (prohibiting a lawyer from intentionally failing to carry out a contract of employment), and 9–102(B)(4) (requiring a lawyer to promptly pay or deliver to the client funds, securities, or other properties that the client is entitled to receive). We accept these findings of misconduct.

### 2. The Finch Grievance

{¶ 8} Pamela Finch retained respondent in August 2006 to help her file for divorce. Respondent promised Finch that she would draft the necessary legal documents. Finch paid respondent $800.

{¶ 9} By late October 2006, respondent had stopped communicating with Finch. Despite Finch's numerous telephone calls, respondent did not complete the work she agreed to do, nor did she return any portion of Finch's $800 or paperwork. Finch could not afford to hire a new lawyer because respondent did not return her money.

{¶ 10} For the failure prior to February 1, 2007, to conscientiously attend to Finch's divorce case, the board found respondent in violation of DR 1–102(A)(6), 6–101(A)(3), 7–101(A)(2), and 9–102(B)(4). We accept these findings of misconduct.

### 3. The Johnson Grievance

{¶ 11} Ramon Johnson and his wife retained respondent in July 2005 to assist them in filing for bankruptcy under Chapter 13 of the United States Bankruptcy Code. The Department of Veterans Affairs paid the Johnsons' legal fees. Respondent thereafter made at least five appearances before the court on the Johnsons' behalf.

{¶ 12} In October 2006, however, the Johnsons lost contact with respondent, and in January 2007, the holder of the first mortgage on their residence moved

for relief from the automatic stay. The Johnsons continued trying to locate respondent, and when they could not, were forced to file an objection pro se to the first mortgagee's motion. Respondent failed in early March 2007 to appear at a hearing on the motion for relief from the stay, and the Johnsons proceeded without counsel.

{¶ 13} For the neglect of the Johnsons' case prior to February 1, 2007, which put them at risk of foreclosure on their family home, the board found respondent in violation of DR 6–101(A)(3). For the abandonment of the Johnsons after February 1, 2007, the board found respondent in violation of the following provisions of the Rules of Professional Conduct ("Prof.Cond.R."): Prof.Cond.R. 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client), 1.4(a)(3) (a lawyer shall keep the client reasonably informed about the status of the matter), 1.4(a)(4) (a lawyer shall comply as soon as practicable with reasonable requests for information from the client), 8.4(d) (a lawyer shall not engage in conduct prejudicial to the administration of justice), and 8.4(h) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law). We accept these findings of misconduct.

### 4. The Respress Grievance

{¶ 14} Alton and Ida Respress retained respondent in October 2005 to represent them in a Chapter 13 bankruptcy proceeding. The Respresses received a letter toward the end of March 2007 from the bankruptcy court advising them that respondent's electronic-filing privileges had been revoked and that she could no longer file documents through the court's electronic-filing system without special permission. The bankruptcy court's letter suggested that the Respresses retain another attorney.

{¶ 15} The Respresses tried to find new counsel but, as of mid-January 2008, had not been successful. They also tried to contact respondent after receiving the bankruptcy court's letter but had no success. The Represses later visited respondent's office, only to find that she had vacated the premises. They suspect that respondent kept all or part of a $1,700 fee that the bankruptcy trustee had approved to pay for her services.

{¶ 16} Respondent began representing the Represses in October 2005 but their problems with her performance did not begin until March 2007. For the abandonment of the Respresses after February 1, 2007, the board found respondent in violation of Prof.Cond.R. 1.3, 1.4(a)(3), 1.4(a)(4), 8.4(d), and 8.4(h). We accept these findings of misconduct.

### C. Case No. 2008–0763

#### 1. The Testruth Grievance

{¶ 17} Jennifer Testruth retained respondent in July 2006 to represent her in a divorce and custody proceeding. Testruth paid respondent $800 toward an

agreed-upon fee of $2,500. Thereafter, Testruth was unable to reach respondent directly but left messages asking why she had not yet filed the divorce case. Respondent eventually returned Testruth's call and explained that the court had rejected her initial filing for insufficiency.

{¶ 18} Although respondent promised to refile the divorce complaint immediately, she did not do so until the end of October 2006. Near this time, Testruth paid respondent another $100 to prepare an affidavit to support a request for a restraining order. Respondent never moved for the restraining order, and in January 2007, Testruth discovered that respondent had also failed to obtain service of the divorce complaint on Testruth's husband.

{¶ 19} Testruth attempted to meet with respondent but found that she had vacated her office and left no forwarding address. Testruth sent respondent a letter of dismissal and requested her file and a full refund, minus a $250 filing fee. Testruth, who eventually retained new counsel, had to proceed in her divorce without the original file and without the protection of a restraining order.

{¶ 20} For the failure to conscientiously attend to Testruth's divorce and custody case prior to February 1, 2007, the board found respondent in violation of DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), 1–102(A)(6), 6–101(A)(3), and 9–102(B)(4). We accept these findings of misconduct.

### 2. The Davis Grievance

{¶ 21} Cathy Davis retained respondent when her husband sued for divorce in 2006, paying respondent $250 toward an agreed-upon $2,500 fee. Respondent then did nothing for Davis. She left Davis to obtain continuances on her own, failed to attend a pretrial conference, and forced Davis to appear unrepresented at a May 2007 hearing. Davis has since repeatedly called respondent but has received no response.

{¶ 22} For the neglect of Davis's divorce case prior to and after February 1, 2007, the board found respondent in violation of DR 1–102(A)(5), 1–102(A)(6), and 6–101(A)(3), and Prof.Cond.R. 1.3, 8.4(d), and 8.4(h). We accept these findings of misconduct.

## II. Sanction

{¶ 23} In recommending a sanction, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Grievances and Discipline ("BCGD Proc.Reg."). As mitigating, the board found that except for an attorney-registration suspension, respondent has no prior history of discipline. BCGD Proc.Reg. 10(B)(2)(a). The board found the same five aggravating factors

in both cases: a pattern of misconduct, multiple offenses, lack of cooperation in the disciplinary process, vulnerability of and resulting harm to victims of her misconduct, and failure to make restitution. BCGD Proc.Reg. 10(B)(1)(c), (d), (e), (h), and (i). In addition, in case No. 2008–0760, the board found as aggravating respondent's failure to acknowledge the wrongfulness of her conduct. BCGD Proc.Reg. 10(B)(1)(g).

{¶ 24} In case No. 2008–0760, relator Cleveland Bar Association recommended that respondent be indefinitely suspended from the practice of law. In case No. 2008–0763, relator Cuyahoga Bar Association recommended that respondent be suspended from the practice of law for two years, with one year stayed on the conditions that respondent pay restitution to Testruth and Davis and that she complete a one-year monitored probation of her practice during the stayed portion of the suspension. The board recommended that the sanctions be served concurrently.

{¶ 25} Having found clear and convincing evidence that respondent violated DR 1–102(A)(5), 1–102(A)(6), 6–101(A)(3), 7–101(A)(2), and 9–102(B)(4); Prof. Cond.R. 1.3, 1.4(a)(3), 1.4(a)(4), 8.4(d), and 8.4(h); and Gov.Bar R. V(4)(G), we agree with the board that an indefinite suspension is warranted in case No. 2008–0760. "As we have routinely explained, neglect of legal matters and the failure to cooperate in the ensuing disciplinary investigation warrant an indefinite suspension from the practice of law. *Disciplinary Counsel v. Treneff,* 104 Ohio St.3d 336, 2004-Ohio-6562, 819 N.E.2d 695, ¶ 16. The act of accepting retainers or legal fees and failing to carry out contracts of employment is tantamount to theft of the fee from the client. *Columbus Bar Assn. v. Moushey,* 104 Ohio St.3d 427, 2004-Ohio-6897, 819 N.E.2d 1112, ¶ 16." *Columbus Bar Assn. v. Harris,* 108 Ohio St.3d 543, 2006-Ohio-1715, 844 N.E.2d 1202, ¶ 22. See also *Cuyahoga Bar Assn. v. Church,* 116 Ohio St.3d 563, 2008-Ohio-81, 880 N.E.2d 917, ¶ 15. Moreover, we agree with the board that a two-year suspension, with one year stayed on conditions, is appropriate in case No. 2008–0763.

{¶ 26} Respondent is therefore suspended indefinitely from the practice of law in Ohio in case No. 2008–0760 and suspended for two years, with one year stayed on the recommended conditions, in case No. 2008–0763, with the sanctions to be served concurrently. We order respondent to pay restitution as follows within 30 days: $800 to Johnson–Butler, $800 to Finch, $650 to Testruth, and $250 to Davis, all with interest at the statutory rate. Costs are taxed to respondent.

Judgment accordingly.

PFEIFER, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

MOYER, C.J., and LUNDBERG STRATTON and O'CONNOR, JJ., concur but would require that the sanctions be served consecutively.

304

Thompson Hine, L.L.P., and Jennifer S. Roach, for relator Cleveland Bar Association.

Ellen S. Mandell, Bar Counsel, and Steven L. Gardner, for relator Cuyahoga County Bar Association.