CINCINNATI BAR ASSOCIATION *v.* BROWN.

[Cite as *Cincinnati Bar Assn. v. Brown*, 121 Ohio St.3d 445, 2009-Ohio-1249.]

*Attorney misconduct, including engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, failing to act with diligence in representing a client, and failing to cooperate in the investigation of misconduct — Indefinite suspension.*

(No. 2008-1990 — Submitted November 19, 2008 — Decided March 25, 2009.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 08-024.

_____

**Per Curiam**.

{¶ 1} Respondent, Darrell Brown, Attorney Registration No. 0033226, with a registration address in Cincinnati, Ohio, was admitted to the practice of law in Ohio in 1979. The Board of Commissioners on Grievances and Discipline recommends that this court indefinitely suspend respondent's license to practice, based on findings that he misappropriated a client's funds, failed to administer a decedent's estate after losing the original copy of the will, ignored the client's requests for information and to return property, and then was uncooperative in the efforts to investigate the client's grievance. We agree that respondent committed professional misconduct as found by the board and that an indefinite suspension is the appropriate sanction.

{¶ 2} Relator, Cincinnati Bar Association, charged respondent with violations of the Rules of Professional Conduct and the Gov.Bar R. V(4)(G) requirement that attorneys cooperate in investigations of misconduct. Respondent was served with notice of the complaint but did not answer, and relator moved for default. See Gov.Bar R. V(6)(F). A master commissioner appointed by the board

granted the motion, making findings of fact, conclusions of laws, and the recommendation for an indefinite suspension. The board adopted the master commissioner's findings of misconduct and recommendation.

## Misconduct

{¶ 3} John W. Leahr engaged respondent in April 2007 to open and administer the estate of Phoebe L. Austin. Leahr gave respondent a check for $500 for his fees, a cashier's check that had been made payable to Austin for $739.42, and Austin's will. Respondent deposited the unearned fee into his personal account. Respondent also signed the cashier's check and cashed it.

{¶ 4} The board found that respondent misappropriated the funds belonging to his client and Austin's estate for his personal use. He also lost the original of Austin's will, failed to disclose the loss to Leahr, and failed to open Austin's estate in probate court. When Leahr tried to communicate with him, respondent failed to return Leahr's calls. In late July and early August 2007, Leahr asked respondent in writing on three separate occasions to return his records and fee so that he could retain another attorney. By mid-November of that year, respondent had still not honored these requests, and Leahr filed a grievance with relator.

{¶ 5} Respondent thereafter failed to respond to an investigator's letter of inquiry about the grievance. After admitting in a telephone conversation with the investigator that he had lost the Austin will, respondent failed to provide a promised written response to the grievance. Respondent canceled his appearance at one deposition but appeared for a second one in late February 2008. At that time, respondent promised to return the $1,239.42 in misappropriated funds and Leahr's files. As of July 18, 2008, respondent had not returned the funds or the missing will to Leahr.

{¶ 6} Finding the evidence to be clear and convincing, the master commissioner and the board concluded that respondent's failure to open the

Austin estate violated Prof.Cond.R. 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client). Because respondent cashed the cashier's check made payable to Austin without Leahr's consent and also misappropriated that money and Leahr's $500 legal fee, the master commissioner and board found that respondent had violated Prof.Cond.R. 1.4(a)(1) (a lawyer shall promptly inform the client of any circumstance with respect to which the client's informed consent is required), 1.15(a) (a lawyer shall appropriately safeguard a client's property in his or her possession), 1.15(c) (a lawyer shall deposit into a client trust account legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred), and 8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). And because respondent failed to respond to Leahr's telephone calls, the master commissioner and the board found that he had violated Prof.Cond.R. 1.4(a)(4) (a lawyer shall comply as soon as practicable with reasonable requests for information from the client). For respondent's failure to respond during relator's investigation, the master commissioner and the board further found that respondent had violated Gov.Bar R. V(4)(G). We adopt these findings of misconduct.

### Sanction

{¶ 7} When imposing sanctions for attorney misconduct, we consider relevant factors, including the duties the lawyer violated, the lawyer's mental state, and sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli,* 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, at ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, at ¶ 21. Because each disciplinary

case is unique, we are not limited to the factors specified in the rule but may take into account "all relevant factors" in determining what sanction to impose. BCGD Proc.Reg. 10(B).

{¶ 8} Regarding mitigating factors, we accept the board's finding that respondent has no prior record of discipline. Regarding aggravating factors, we also accept the board's findings that respondent engaged in a pattern of misconduct, failed to fully cooperate in the disciplinary process, and failed to make restitution.

{¶ 9} An indefinite suspension is an appropriate sanction when a lawyer violates the standards of professional competence, diligence, and integrity by neglecting to complete promised legal services, misappropriating entrusted funds, and failing to promptly return client funds and other property to which the client is entitled. See *Columbus Bar Assn. v. Torian*, 106 Ohio St.3d 14, 2005-Ohio-3216, 829 N.E.2d 1210, at ¶ 17 ("As we have consistently held, neglect of legal matters and the failure to cooperate in the ensuing disciplinary investigation warrant an indefinite suspension from the practice of law"); *Cleveland Bar Assn. v. Verbiski* (1999), 86 Ohio St.3d 627, 628, 716 N.E.2d 702 (indefinitely suspending an attorney for neglecting legal matters, failing to seek a client's lawful objectives, failing to timely refund a retainer, and failing to cooperate with a disciplinary investigation); see also *Cleveland Bar Assn. v. Smith*, 120 Ohio St.3d 298, 2008-Ohio-6138, 898 N.E.2d 937, at ¶ 25, quoting *Columbus Bar Assn. v. Harris,* 108 Ohio St.3d 543, 2006-Ohio-1715, 844 N.E.2d 1202, at ¶ 22 (" 'The act of accepting retainers or legal fees and failing to carry out contracts of employment is tantamount to theft of the fee from the client' "). We agree with the board that an indefinite suspension is the appropriate sanction here.

{¶ 10} Accordingly, respondent is hereby indefinitely suspended from the practice of law in Ohio, and he is ordered to pay restitution to Leahr in the amount

of $1,239.42, with interest at the judgment rate, within 60 days of our order. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., dissents and would suspend the respondent from the practice of law in Ohio for two years.

_____

Gwendolyn M. Bender, Howard M. Schwartz, and Edwin W. Patterson III, Bar Counsel, for relator.

_____