DISCIPLINARY COUNSEL *v.* SCHILLER.

[Cite as *Disciplinary Counsel v. Schiller,*

123 Ohio St.3d 200, 2009-Ohio-4909.]

*Attorneys — Misconduct — Multiple violations of the Rules of Professional Conduct and Code of Professional Responsibility — Indefinite suspension.*

(No. 2009-0692 — Submitted June 3, 2009 — Decided September 23, 2009.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 08-046.

_____

**Per Curiam.**

{¶ 1} On June 9, 2008, relator, Disciplinary Counsel, filed an 11-count complaint against the respondent, Glenn M. Schiller, Attorney Registration No. 0069141, of Canton, Ohio, alleging numerous violations of the Rules of Professional Conduct, effective February 1, 2007, and the earlier Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline reviewed the parties' stipulations, heard the cause, and issued findings of fact and conclusions of law together with a recommendation that respondent be indefinitely suspended from the practice of law.

{¶ 2} On February 10, 2009, the relator and the respondent filed stipulations that (1) set forth agreed facts underlying ten of the counts of the complaint, (2) jointly acknowledged the rule violations associated with each count, (3) expressed the parties' agreement on the aggravating and mitigating evidence, and (4) jointly recommended a sanction of indefinite suspension from the practice of law, with restitution to victimized clients and a two-year probation upon reinstatement. The panel adopted the stipulated facts and exhibits as filed and found that the recommended sanction was appropriate. As agreed, the 11th

count was dismissed. The board then adopted the panel's findings of fact, conclusions of law, and recommendation that the respondent be indefinitely suspended, make full restitution prior to reinstatement, and serve a two-year probation following any reinstatement. The board additionally recommended that costs be taxed to respondent.

{¶ 3} We accept the board's recommendation. Accordingly, we order that respondent be suspended indefinitely from the practice of law. Additionally, we order that he make restitution as set forth in the panel recommendation prior to reinstatement and serve a two-year probation following reinstatement.

## Background

### *Count One*

{¶ 4} Under this count, the stipulations set forth three instances in which respondent represented clients in filing Chapter 7 bankruptcy cases and then failed, despite repeated orders from the bankruptcy trustee, to turn over client tax returns and tax refunds. In each case, the respondent (1) obtained tax returns from his clients and took possession of their tax refunds, which constituted part of the bankruptcy estate in each case, (2) deposited those amounts into his client trust account, and (3) failed to comply when the bankruptcy trustee repeatedly demanded that both the tax returns and the appropriate portion of the refunds be turned over. Respondent did not comply until the trustee either obtained a show-cause order or conducted a debtor's examination that revealed respondent's possession of the demanded items.

{¶ 5} Additionally, the evidence in each of the three instances showed that respondent had misappropriated the tax refunds in his client trust account and had diverted the money either to personal purposes or to the representation of other clients. To conceal his wrongdoing, respondent deposited other funds into the client trust account at the eleventh hour and wrote checks to the trustee.

{¶ 6} Relator and respondent stipulated to violations of DR 1-102(A)(4) and Prof.Cond.R. 8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 1-102(A)(5) and Prof.Cond.R. 8.4(d) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice), DR 1-102(A)(6) and Prof.Cond.R. 8.4(h) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law), DR 6-101(A)(3) and Prof.Cond.R. 1.3 (a lawyer shall not neglect a legal matter entrusted to him and shall act with reasonable promptness), DR 7-101(A)(3) (a lawyer shall not intentionally prejudice or damage his client), DR 9-102(B)(3) and Prof.Cond.R. 1.16(d) (a lawyer shall maintain complete records of all funds, securities, and other properties of a client in his possession), Prof.Cond.R. 1.15(a) (a lawyer shall hold the property of clients separate from the lawyer's own funds), and Prof.Cond.R. 1.15(d) (a lawyer shall promptly deliver to the client any funds or other property that the client is entitled to receive).

### Count Two

{¶ 7} Under this count, the parties stipulated to two additional instances in which respondent filed Chapter 7 bankruptcies on behalf of clients. Once again, respondent received tax returns and tax refunds and did not comply with repeated demands that the client turn them over to the trustee. In each case, the trustee took steps to obtain the items and in one case incurred costs that diminished the bankruptcy estate. Additionally, respondent in each instance diverted entrusted funds that had initially been deposited in his attorney trust account to other purposes and subsequently deposited personal funds into the attorney trust account to cover the withdrawals. The parties stipulated to the same violations for count two as for count one.

### Count Three

{¶ 8} Under this count, the parties stipulated that a couple paid the respondent $1,199 to represent them in filing a Chapter 13 bankruptcy. The

trustee filed a notice and ultimately moved to dismiss for failure to include employee income records in the filing. Respondent objected to the motion, then failed to appear at a hearing on the confirmation of the Chapter 13 plan. The court denied the plan and instructed that a new one be submitted within 20 days, but respondent never submitted an amended plan.

{¶ 9} When the court dismissed the case, respondent told the client that he would refile the case, but he did not do so. After the clients filed a grievance, respondent again promised to refile, but failed to do so and never returned the fee. Ultimately, the clients engaged another attorney to file the new Chapter 13 plan.

{¶ 10} With respect to count three, the parties stipulated to violations of DR 1-102(A)(5), 1-102(A)(6), 2-110(A)(2) (a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client), 2-110(A)(3) (a lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned), 6-101(A)(3), 7-101(A)(2) (a lawyer shall not fail to carry out a contract for employment entered into with a client for professional services), 7-101(A)(3), and 9-102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by the client the funds, securities, or other properties in the possession of the lawyer that the client is entitled to receive).

*Count Four*

{¶ 11} According to the stipulations, in July 2006 a client paid respondent a $1,000 retainer, and respondent assured her he would file a Chapter 13 bankruptcy on her behalf. Over a six-month period, respondent failed to file the case. Only after the client's home was sold in a sheriff's sale did respondent file. Respondent told the client that she had 60 days to reinstate and save the home. Subsequently, the client appeared at a creditor's meeting, but respondent did not appear.

{¶ 12} The trustee filed a motion for respondent to disgorge a portion of his fee. The court granted the order, but respondent did not comply. Thereafter, the court dismissed the Chapter 13 case, and the trustee moved for a contempt order against respondent for failing to disgorge the fee. The court granted the motion and imposed a daily fine until respondent purged himself of the contempt. Although respondent purged the contempt, he still owed the client $800 as of the date of the stipulation.

{¶ 13} With respect to count four, the parties stipulated to violations of DR 1-102(A)(5) and Prof.Cond.R. 8.4(d), DR 1-102(A)(6) and Prof.Cond.R. 8.4(h), DR 2-110(A)(3) and Prof.Cond.R. 1.16(e) (lawyer who withdraws from employment shall refund any unearned fee), DR 6-101(A)(3) and Prof.Cond.R. 1.3, DR 7-101(A)(2), DR 9-102(B)(4), and Prof.Cond.R. 1.15(d).

*Count Five*

{¶ 14} The stipulations reveal that respondent received $1,420 to represent a client in a Chapter 13 bankruptcy case. During the course of the representation, respondent (1) failed to provided updated wage information supplied by the client to the trustee at the trustee's request, (2) supplied erroneous information on his client's earnings to the court, conduct that led to a greatly increased wage deduction and severe hardship to the client, (3) avoided client contact, and (4) failed to refund unearned fees and did not transmit the file to the client's new lawyer after the client had fired respondent. The parties stipulated to violations of DR 1-102(A)(5), 1-102(A)(6), 2-110(A)(3), 6-101(A)(3), 7-101(A)(2), 9-102(B)(3), and 9-102(B)(4).

*Count Six*

{¶ 15} In this count, the client engaged respondent to file a Chapter 7 bankruptcy case and paid him $500 of a $1,100 retainer. Respondent assured the client that the bankruptcy petition would be filed, but he had not filed it by the time Discover Card filed suit against the client in a common pleas court.

Respondent assured the client that he would appear in the suit on behalf of the client but failed to appear for a hearing, and a default judgment was entered against the client. Subsequently, Discover Card attached the client's bank account and caused an overdraft. Respondent sent a fax demanding return of the attached funds, but when the client attempted to contact respondent, the client never received a return call. The client demanded that the $500 be returned, but respondent has failed to return it.

{¶ 16} With respect to count six, the parties stipulated to violations of DR 1-102(A)(5) and Prof.Cond.R. 8.4(d), DR 1-102(A)(6) and Prof.Cond.R. 8.4(h), DR 2-110(A)(2) and Prof.Cond.R. 1.16(d), DR 2-110(A)(3) and Prof.Cond.R. 1.16(e), DR 6-101(A)(3) and Prof.Cond.R. 1.3, DR 7-101(A)(2), and DR 9-102(B)(4) and Prof.Cond.R. 1.16(d).

### Count Seven

{¶ 17} The parties also stipulated that a client paid respondent $1,399 to file a Chapter 7 bankruptcy petition in 2007. Respondent failed to inform the client that respondent did not maintain professional liability insurance. Some months later, respondent met with the client to complete some paperwork, and he assured the client that the paperwork would be filed. But respondent failed to file the bankruptcy petition, failed to respond to the client's inquiries, and failed to refund the fee. The parties stipulated to violations of Prof.Cond.R. 1.3, 1.4(c) (a lawyer shall inform a client if at any time the lawyer does not maintain professional liability insurance in the prescribed amount of coverage), 1.5(a) (a lawyer shall not charge a clearly excessive fee), 1.16(d), 8.4(d), and 8.4(h).

### Count Eight

{¶ 18} Under this count, the parties stipulated that a couple paid $500 of a $1,300 retainer to respondent to have a Chapter 7 bankruptcy petition filed. When creditors started to sue the clients, respondent stated that he would not act on their behalf until he received the entire fee, after which the clients paid an

additional $900. Respondent failed to inform the clients that he did not carry professional liability insurance, never filed the bankruptcy case, failed to return calls to the clients, and refused to refund their money. The parties stipulated to violations of Prof.Cond.R. 1.3, 1.4(c), 1.5(a), 1.16(e), 8.4(d), and 8.4(h).

### Count Nine

{¶ 19} The parties stipulated that a client paid respondent a $747 retainer and a $274 filing fee to file a Chapter 7 bankruptcy petition. Respondent told the client on more than one occasion that he was about to file the petition, but respondent never filed it and did not return the fee. Respondent also failed to disclose to the client that he did not carry professional liability insurance. The parties stipulated to violations of Prof.Cond.R. 1.3, 1.4(c), 1.5(a), 1.16(d), 1.16(e), 8.4(d), and 8.4(h).

### Count Ten

{¶ 20} Also stipulated is that a client paid respondent $1,000 to file a Chapter 7 bankruptcy petition. After assuring the client that he would file the case immediately, respondent did not file the case, did not return calls, and did not refund the unearned fee. Respondent also failed to inform the client that respondent did not carry professional liability insurance. The parties stipulated to violations of Prof.Cond.R. 1.3, 1.4(c), 1.5(a), 1.15(d), 1.16(e), 8.4(d), and 8.4(h).

### Aggravating and Mitigating Factors

{¶ 21} The relator and respondent have also agreed upon the pertinent aggravating and mitigating factors pursuant to Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The aggravating factors are (1) the pattern of misconduct, (2) the multiplicity of offenses, and (3) the vulnerability of and harm suffered by victims of the misconduct. See BCGD Proc.Reg. 10(B)(1)(c), (d), and (h). The mitigating

factors are absence of a prior disciplinary record and a cooperative attitude toward the disciplinary proceedings. BCGD Proc.Reg. 10(B)(2)(a) and (d).

*Restitution*

{¶ 22} As part of the agreed sanction, the parties stipulated that reinstatement to the practice of law will be conditioned on restitution of legal fees in accordance with the following table:

| | |
|---|---|
| Tom and Sheila Brothers | $1,199 |
| Laura Camp | $ 800 |
| Juanita Thurston | $ 500 |
| Jill Buffa | $1,399 |
| Gary and Tamantha Tanner | $1,300 |
| Paul Jones | $ 747 |
| Justin Broad | $1,000 |

**Disposition**

{¶ 23} The agreement between the relator and the respondent recommends an indefinite suspension from the practice of law in Ohio for the respondent, restitution for victimized clients prior to reinstatement, and a two-year period of probation after reinstatement. Our review of the factual stipulations and the case law persuades us that this disposition is proper.

{¶ 24} We have ordered an indefinite license suspension under similar circumstances. See *Cleveland Bar Assn. v. Davis*, 121 Ohio St.3d 337, 2009-Ohio-764, 904 N.E.2d 517, ¶ 17; *Cleveland Bar Assn. v. Smith*, 120 Ohio St.3d 298, 2008-Ohio-6138, 898 N.E.2d 937, ¶ 25. In *Davis*, the pattern of neglect involved four cases and was exacerbated by the attorney's failure to cooperate in the investigation of the complaints against him. The present case shows no failure to cooperate, but does present a much larger pattern of neglect.

{¶ 25} *Smith* involved neglect of legal matters and accepting retainers without requiting the payments with legal work. We observed that "accepting

8

retainers or legal fees and failing to carry out contracts of employment is tantamount to theft of the fee from the client." *Smith*, 120 Ohio St.3d 298, 2008-Ohio-6138, 898 N.E.2d 937, ¶ 25. Therefore, respondent is hereby indefinitely suspended from the practice of law. Prior to reinstatement, he shall have made full restitution of $6,945 as noted above, and in connection with reinstatement, he shall comply with the requirements of Gov.Bar R. V(10). Respondent shall then serve a two-year probation under Gov.Bar R. V(9) following reinstatement. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Joseph M. Caligiuri, Assistant Disciplinary Counsel, for relator.

Glenn Michael Schiller, pro se.

_____