**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Medina Cty. Bar Assn. v. Malynn,* **Slip Opinion No. 2014-Ohio-5261.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-5261

MEDINA COUNTY BAR ASSOCIATION *v*. MALYNN.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Medina Cty. Bar Assn. v. Malynn,* Slip Opinion No. 2014-Ohio-5261.]**

*Attorneys at law—Misconduct—Violations of the Rules of Professional Conduct, including failing to provide competent representation to a client, failing to keep a client reasonably informed about the status of a matter, and failing to advise a client in writing that the client may be entitled to refund of a fee denominated as "nonrefundable" if the lawyer does not complete representation—Indefinite suspension.*

(No. 2014-0543—Submitted May 28, 2014—Decided December 4, 2014.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 2013-020.

_____

**Per Curiam**.

**{¶ 1}**  Respondent, Steven Reynolds Malynn of Medina, Ohio, Attorney Registration No. 0067339, was admitted to the practice of law in Ohio in 1996.  In

November 2011, we suspended Malynn's license for failing to register. *In re Attorney Registration Suspension of Malynn*, 130 Ohio St.3d 1420, 2011-Ohio-5627, 956 N.E.2d 310. In March 2012, we suspended him for two years, with the final six months stayed, for neglecting multiple client matters, failing to preserve the identity of client funds, failing to cooperate in the disciplinary process, and engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. *Medina Cty. Bar Assn. v. Malynn*, 131 Ohio St.3d 377, 2012-Ohio-1293, 965 N.E.2d 299. As conditions for reinstatement, we mandated that Malynn (1) submit evidence showing that he had completed a mental-health evaluation and followed all resulting treatment recommendations and (2) provide proof to a reasonable degree of medical certainty that he is competent to return to the ethical, professional practice of law. *Id.* at ¶ 19. Although Malynn's term suspension has expired, he has not applied for reinstatement. Therefore, both his term suspension and his attorney-registration suspension remain in effect.

{¶ 2} In the present case, relator, Medina County Bar Association, charged Malynn with professional misconduct for neglecting a client matter during the time period prior to his attorney-registration and term suspensions. The parties entered into a comprehensive list of stipulated facts and rule violations, and they jointly recommended that Malynn serve an indefinite suspension, with the suspension to run concurrently with Malynn's term suspension. In addition, the parties recommended that as a condition for reinstatement, Malynn provide satisfactory evidence from a board-certified mental-health physician that he is able to return to the practice of law. The three-member panel appointed to hear the matter granted the parties' joint request to waive a formal hearing, adopted the parties' stipulations, and concurred in the recommended sanction. The Board of Commissioners on Grievances and Discipline issued a report adopting the panel's findings of fact and misconduct and the recommended sanction of an indefinite suspension with a condition on

2

reinstatement. However, the board rejected the panel's determination that Malynn serve the indefinite suspension concurrently with his term suspension, and instead the board recommends that we impose an indefinite suspension effective on the date of this order. Neither party has objected to the board's report and recommendation.

{¶ 3} Upon our review of the record, we adopt the board's findings of fact and misconduct and agree that the board's recommended sanction is appropriate in this case.

## Misconduct

{¶ 4} According to the parties' stipulations, in June 2008, Lonnie and Karen Hill retained Malynn to file a breach-of-contract suit against their former business partners. In a written fee agreement, Lonnie Hill agreed to pay Malynn a $4,000 "nonrefundable retainer." Contrary to the provision in Prof.Cond.R. 1.5(d)(3) regarding "nonrefundable" fees, the fee agreement did not also advise the Hills that if Malynn did not complete his representation, they might be entitled to a refund of all or part of that retainer. In October 2008, Malynn filed a complaint on behalf of the Hills, but over the next 18 months, he completely neglected the matter. Specifically, he failed to respond to discovery requests, failed to comply with court orders, and failed to oppose the defendants' various motions, including dispositive motions and a motion for sanctions. As a result, in March 2010, the trial court sanctioned the Hills by dismissing their complaint without prejudice. Malynn did not send the Hills copies of any motions or orders filed in the case, and he did not inform them of his failure to prosecute the matter.

{¶ 5} In March 2011, a year after the dismissal, Malynn refiled an identical complaint on behalf of the Hills. But again, Malynn failed to respond to the defendants' discovery requests and a subsequent motion for sanctions. In August 2011, the trial court dismissed the Hills' case with prejudice, finding that the failure to comply with the court's discovery orders was "unmitigated, willful,

and in bad faith." Again, Malynn had not sent the Hills copies of the motions and orders, and he failed to inform them that he had not prosecuted their case.

{¶ 6} Based on this conduct, the parties stipulated and the board found that Malynn "consistently and consciously disregarded his duty to the Hills and to the court" and that his nonfeasance resulted in court-imposed sanctions causing the Hills' breach-of-contract claims to be "forever dismissed and discharged." The parties stipulated and the board found that Malynn's conduct violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), and 1.5(d)(3) (prohibiting a lawyer from charging a fee denominated as "nonrefundable" without simultaneously advising the client in writing that the client may be entitled to a refund of all or part of the fee if the lawyer does not complete the representation). We concur in the board's findings of misconduct.

{¶ 7} In addition, the parties stipulated that Malynn failed to notify the Hills in a separate written notice that he did not maintain professional liability insurance. Accordingly, the board found, and we agree, that Malynn violated Prof.Cond.R. 1.4(c) (requiring a lawyer to inform the client on a separate written form that the lawyer does not maintain professional liability insurance).

### Sanction

{¶ 8} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. However, because each

disciplinary case is unique, we are not limited to the factors specified in BCGD Proc.Reg. 10(B) and may take into account all relevant factors in determining which sanction to impose.

*Aggravating and mitigating factors*

**{¶ 9}** The parties stipulated, and the board found, that the following aggravating factors are present: (1) prior discipline, (2) a pattern of misconduct, and (3) multiple offenses. *See* BCGD Proc.Reg.10(B)(1)(a), (c), and (d). We agree and also note that Malynn's misconduct harmed his clients, who lost the ability to pursue some of their claims. *See* BCGD Proc.Reg. 10(B)(1)(h). Another aggravating factor is that some of Malynn's misconduct occurred while he was being investigated for substantially similar conduct in his previous disciplinary case. The parties stipulated that at the hearing in the prior matter, Malynn testified that he was competent to practice law, although at that time—June 2011—he had not timely responded to outstanding discovery requests in the Hills' refiled case. And in the two months after his prior disciplinary hearing, he did nothing to prevent the Hills' case from being dismissed again.

**{¶ 10}** In mitigation, the parties stipulated, and the board agreed, that Malynn lacked a dishonest or selfish motive, he made a good-faith effort to rectify the consequences of his misconduct because he eventually refunded the Hills' $4,000 retainer, and he had a cooperative attitude toward the disciplinary process. *See* BCGD Proc.Reg.10(B)(2)(b), (c), and (d). Although we concur in these findings, we give the fact that Malynn returned his clients' retainer little mitigating value. Malynn refunded the money four years after it had been paid and only after the disciplinary investigation had commenced. *See Cincinnati Bar Assn. v. Grote*, 127 Ohio St.3d 1, 2010-Ohio-4833, 935 N.E.2d 832, ¶ 18 (giving the fact that an attorney refunded a retainer "little mitigating value" when the attorney did not return the money in a timely fashion and only after the attorney had been contacted by relator).

*Applicable precedent*

**{¶ 11}** To support its recommended sanction, the board primarily relies on *Grote*, in which we indefinitely suspended an attorney for neglecting a client matter and for failing to notify the client that she lacked malpractice insurance. The attorney in *Grote* also had previously been disciplined for neglecting client matters, she had harmed her client's cause, and although she had returned her client's retainer, the refund was not timely. *Id.* at ¶ 14-18. As we explained in *Grote*:

> We have indefinitely suspended attorneys for misconduct that demonstrates a pattern of neglect. See *Cincinnati Bar Assn. v. Harmon* (1985), 17 Ohio St.3d 69, 17 OBR 134, 477 N.E.2d 629; *Disciplinary Counsel v. Schiller*, 123 Ohio St.3d 200, 2009-Ohio-4909, 915 N.E.2d 324. In *Harmon*, we indefinitely suspended an attorney for neglecting two legal matters. The attorney in that case had recently been disciplined for neglecting other legal matters. In *Schiller*, although the attorney had no prior disciplinary record, we indefinitely suspended him for neglecting multiple legal matters and failing to advise clients that he did not have professional-liability insurance.

*Id*. at ¶ 19. We agree with the board that *Grote* supports the sanction of an indefinite suspension in this case.

## Conclusion

**{¶ 12}** Having reviewed the record and the aggravating and mitigating factors, and having considered the sanctions imposed for comparable conduct, we adopt the board's recommended sanction. Accordingly, we indefinitely suspend Malynn from the practice of law. His suspension is effective on the date of this

order. Any future reinstatement is conditioned on the submission of proof from a qualified mental-health professional demonstrating that Malynn is capable of returning to the competent, ethical, and professional practice of law. Costs are taxed to Malynn.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

William E. Steiger II, Patricia Walker, and Daniel Maynard, for relator.

Steven Reynolds Malynn, pro se.

_____