[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 143.]

COLUMBUS BAR ASSOCIATION *v*. RIESER.

[Cite as *Columbus Bar Assn. v. Rieser*, 2001-Ohio-1306.]

*Attorneys at law—Misconduct—Two-year suspension with final eighteen months stayed—Engaging in conduct adversely reflecting on fitness to practice law—Neglect of an entrusted legal matter—Failing to carry out contract for professional employment—Prejudicing or damaging client during course of professional relationship—Failing to promptly deliver to client funds or property which client is entitled to receive—Refusing to assist or testify in investigation or hearing—Engaging in conduct prejudicial to the administration of justice.*

(No. 01-411—Submitted May 30, 2001—Decided August 15, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-38.

_____

*Per Curiam.*

{¶ 1} In 1995, we publicly reprimanded respondent, David P. Rieser, a.k.a. David Paul Rieser, of Columbus, Ohio, Attorney Registration No. 0025247, for neglecting two legal matters from 1984 through 1992. *Disciplinary Counsel v. Rieser* (1995), 72 Ohio St.3d 130, 647 N.E.2d 1366. The complaint in this case filed by relator, Columbus Bar Association, on June 5, 2000, charges that respondent violated the Code of Professional Responsibility by neglecting two additional client matters in 1992 and 1997. After respondent answered the complaint, the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} Based on stipulations of the parties and evidence introduced at a hearing on November 29, 2000, the panel found that in the summer of 1997,

Nickole Benedict, whose husband respondent had represented on other legal matters, asked respondent to pursue a dental malpractice case against an oral surgeon. Respondent gave Benedict the names of four dentists and advised her to contact one in order to evaluate her claim. Later, Benedict notified respondent of a pending court date in a collection case filed against her by the oral surgeon. Respondent said he would try to make the hearing, but failed to appear; judgment was entered against Benedict. Thereafter, Benedict could not contact respondent, although she tried repeatedly to do so, requesting the return of her file. During this time, the statute of limitations passed on the dental malpractice matter.

{¶ 3} The panel found that respondent had led Benedict to believe that he was representing her to pursue the malpractice claim and to defend against the suit on an account and concluded that by his inaction respondent violated DR 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the lawyer's fitness to practice law), 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter), 7-101(A)(2) (a lawyer shall not fail to carry out a contract for professional employment), 7-101(A)(3) (a lawyer shall not prejudice or damage his client during the course of the professional relationship), and 9-102(B)(4) (a lawyer shall promptly deliver to the client funds or property to which the client is entitled to receive).

{¶ 4} The panel further found that in 1992 Shelia Wood retained respondent, paying him a retainer of $1,500 to enforce her visitation rights with her daughter and reduce her monthly child support obligation. Except for meeting once with the Franklin County Bureau of Child Support personnel at which time he had the support payments temporarily lowered, respondent took no other action and Wood continued to pay child support. Except for the month of May 2000, Wood was without visitation rights until her daughter was married in June 2000. In this eight-year period from 1992 to May 2000, respondent failed to attend scheduled meetings with Woods, did not, in general, respond to her phone calls or her letters,

and, despite Wood's requests, did not return her file or the retainer of $1,500 until a week before his disciplinary hearing. Moreover, respondent failed to properly document the lowered child support and, as a result, Wood was not only required to make the scheduled payments, but also to make up the shortfall that occurred during the period when the payments were lowered. She was still making up the shortfall at the time of the hearing before the panel. The panel concluded that respondent's conduct in the Wood matter violated DR 1-102(A)(6), 6-101(A)(3), 7-101(A)(2), 7-101(A)(3), and 9-102(B)(4).

{¶ 5} Respondent initially failed to cooperate with relator's investigation of these matters, and the parties stipulated that this failure violated Gov.Bar R. V(4)(G) (no attorney shall neglect or refuse to assist or testify in an investigation or hearing) and DR 1-102(A)(6). In addition, the panel concluded that this failure violated DR 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice).

{¶ 6} The panel noted in mitigation that respondent admitted that his office practices needed improvement, that he failed to communicate effectively with clients, and that he attempted to take on too many cases. In aggravation, the panel found that respondent's prior public reprimand was based in part on an "overwhelming caseload," which he had failed to reduce. The panel recommended that respondent be suspended from the practice of law for two years with the final eighteen months of the suspension stayed, that respondent be on probation for those two years, that he make restitution as determined by the relator, and that he complete ten hours of continuing legal education in office management, client service, ethics, professionalism, and related subjects as approved by the monitor appointed pursuant to Gov.Bar R. V(9)(A)(4). The board adopted the findings, conclusions, and recommendation of the panel.

{¶ 7} Having reviewed the record, we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice

of law in Ohio for two years with the final eighteen months of the suspension stayed. In addition, respondent shall be on probation for the entire two years of his suspension and he shall make restitution to the grievants as determined by the relator. Finally, respondent shall, during the first twelve months of his suspension, complete ten hours of continuing legal education in office management, client service, ethics, professionalism, and related subjects as approved by the monitor appointed pursuant to Gov.Bar R. V(9)(A)(4). Failure of respondent to comply with any of the terms of this sanction will result in the imposition of two years of actual suspension from the practice of law. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Jill M. Snitcher McQuain, Susan C. Walker, O'Neal Saunders* and *Bruce A. Campbell*, for relator.

*Dennis C. Belli,* for respondent.

_____