DAYTON BAR ASSOCIATION *v*. HUNT.

[Cite as *Dayton Bar Assn. v. Hunt,* 127 Ohio St.3d 390, 2010-Ohio-6148.]

*Attorneys at law — Misconduct — Failure to act with reasonable diligence and promptness in representing a client — Failure to keep the client reasonably informed — Failure to cooperate in investigation of misconduct — Six-month suspension.*

(No. 2010-1459 — Submitted September 28, 2010 — Decided December 21, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-065.

_____

**Per Curiam**.

{¶ 1} Respondent, Kevin M. Hunt of Dayton, Ohio, Attorney Registration No. 0073405, was admitted to the practice of law in Ohio in 2001. The Board of Commissioners on Grievances and Discipline concluded that respondent engaged in professional misconduct and recommends that he be suspended from the practice of law for six months and that the cost of these proceedings be taxed to him.

{¶ 2} We agree that respondent committed professional misconduct as found by the board and adopt its recommended sanction.

**Background**

{¶ 3} On August 14, 2009, relator, Dayton Bar Association, filed a three-count complaint against respondent, alleging two violations of the Rules of Professional Conduct and a violation of the Supreme Court Rules for the Government of the Bar stemming from respondent's failure to manage cases for, and communicate with, multiple clients and his refusal to cooperate with the

related disciplinary investigation. The parties submitted the matter to a panel of the board on the admissions made by respondent in a proposed consent to discipline agreement, but the agreement was rejected by the panel. The panel then proceeded to a hearing. Prior to the hearing, relator dismissed Count Two of the complaint, and the panel then heard the evidence.

{¶ 4} Following the hearing, the panel accepted the parties' stipulations regarding findings of fact and conclusions of law. However, the panel rejected the stipulated sanction of an 18-month suspension with the possibility of reinstatement after six months conditioned upon a favorable mental health evaluation. Instead, the panel recommended a six-month suspension, noting that the evidence did not establish that respondent's conduct was the result of a medical or psychological infirmity and that fact rendered the stipulated sanction inappropriate. The board adopted the panel's findings of fact, conclusions of law, and recommended sanction and further recommended that the cost of the proceedings be taxed to respondent. Neither respondent nor relator has objected to the board's recommendation.

**Misconduct**

*Count One*

{¶ 5} Two clients hired respondent to represent them in a medical negligence lawsuit. Respondent timely filed the complaint, but thereafter he failed to obtain an expert witness, respond to discovery, or respond to separate motions for summary judgment. As a result, the case was dismissed. Respondent did not notify his clients that their case had been dismissed, and he also failed to respond to their inquiries on several occasions throughout the lawsuit.

{¶ 6} Respondent admitted to violating Prof.Cond.R. 1.3 (an attorney shall act with reasonable diligence and promptness in representing a client) and 1.4 (an attorney shall keep the client reasonably informed about the status of the

matter). We agree with the board that clear and convincing evidence supports these findings. Thus, we adopt the recommendation of the board as to Count One.

*Count Three*

**{¶ 7}** After another client retained respondent in connection with a divorce proceeding, respondent failed to communicate with her and filed an answer to the complaint out of rule. The client filed a grievance against him, and relator attempted to contact respondent to investigate the grievance. However, respondent failed to cooperate with relator in the investigation of the grievance and ignored relator's repeated attempts to contact him by telephone and by certified mail.

**{¶ 8}** Respondent admitted to violating Gov.Bar. R. V(4)(G) (neglecting or refusing to assist in the investigation of a disciplinary matter). We agree with the board that clear and convincing evidence supports this finding. Thus, we adopt the recommendation of the board as to Count Three.

**Sanction**

**{¶ 9}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the attorney violated and sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making our determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

**{¶ 10}** As aggravating factors, the board found that respondent committed multiple offenses and failed to cooperate in the disciplinary process. BCGD Proc.Reg. 10(B)(1)(d) and (e). In mitigation, the board found that respondent had no prior disciplinary record. BCGD Proc.Reg. 10(B)(2)(a).

**{¶ 11}** Neither relator nor respondent has objected to the six-month suspension recommended by the board, and such a sanction is warranted based on respondent's misconduct. See, e.g., *Cuyahoga Cty. Bar Assn. v. Marosan*, 109 Ohio St.3d 439, 2006-Ohio-2816, 848 N.E.2d 837 (six-month suspension appropriate for attorney's misconduct, which included neglecting a case and failing to cooperate in the disciplinary investigation). Thus, having reviewed the record, weighed the aggravating and mitigating factors, and considered the sanctions imposed for comparable conduct, we adopt the board's findings of fact and conclusions of law and its recommended sanction of a six-month suspension.

**{¶ 12}** Accordingly, we suspend Kevin M. Hunt from the practice of law for a period of six months. Costs are taxed to respondent.

Judgment accordingly.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Andrew C. Storar, for relator.

Thomas J. Replogle, for respondent.

_____