**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Columbus Bar Assn. v. Watson,* **Slip Opinion No. 2015-Ohio-4613.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-4613

COLUMBUS BAR ASSOCIATION *v.* WATSON.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Columbus Bar Assn. v. Watson,* Slip Opinion No. 2015-Ohio-4613.]**

*Attorneys—Misconduct—Failing to deposit retainers in client trust account— Charging a clearly excessive fee—Prior discipline—Indefinite suspension.*

(No. 2015-0593—Submitted May 20, 2015—Decided November 10, 2015.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2014-063.

_____

**Per Curiam**.

{¶ 1} Respondent, David Charles Watson Jr. of Columbus, Ohio, Attorney Registration No. 0025989, was admitted to the practice of law in Ohio in 1985.  In August 2012, we found that he had committed multiple violations of the Rules of Professional Conduct regulating client trust accounts, and we sanctioned him with a one-year suspension, fully stayed on conditions, including that he enter into a

contract with the Ohio Lawyers Assistance Program ("OLAP") and serve a period of monitored probation. *See Columbus Bar Assn. v. Watson*, 132 Ohio St.3d 496, 2012-Oho-3830, 974 N.E.2d 103, ¶ 15. Watson completed his OLAP contract in February 2014, but he remains on probation.

{¶ 2} In September 2014, relator, Columbus Bar Association, charged him with additional misconduct involving two client matters. Upon review of the parties' stipulations and evidence presented at a hearing before a three-member panel of the Board of Professional Conduct, the board issued a report finding that Watson had violated two Rules of Professional Conduct and recommending that we indefinitely suspend him from the practice of law, with his reinstatement subject to several conditions. Neither party has filed objections to the report and recommendation.

{¶ 3} Upon our independent review of the record, we accept the board's findings of misconduct and agree that an indefinite suspension is appropriate in this case.

**Misconduct**

{¶ 4} From January 2011 through November 2012, Watson represented Patricia Musetti-Antivero and Juan Antivero in a dispute regarding their ownership of real property. The Antiveros initially paid Watson a $500 retainer, which he deposited into his general business account rather than his client trust account. Over the ensuing months, the Antiveros gave Watson three more checks, which a stipulation in this case characterized as payment for "mostly unearned retainers," but Watson failed to deposit any of those funds into his client trust account. The Antiveros eventually became dissatisfied with his representation and filed a grievance with relator. Watson and the Antiveros agreed to arbitrate their dispute, which resulted in Watson refunding $3,862 to them. Watson stipulated and the board found that by failing to properly deposit the funds he received from the Antiveros into his client trust account, he violated

Prof.Cond.R. 1.15(a) (requiring a lawyer to hold the property of clients in an interest-bearing client trust account, separate from the lawyer's own property).

{¶ 5} In a separate matter, John and Lynn Adams retained Watson to represent them as potential creditors in a bankruptcy case. In June 2012, the Adamses paid Watson a $3,500 retainer, but he failed to deposit the funds into his client trust account. Watson filed two documents on the Adamses' behalf: a proof of claim, which Watson stipulated could have been prepared by a nonlawyer, and a two-page objection to the debtor's plan, which was based on incorrect information mistakenly obtained from a different, unrelated case. Notwithstanding the error, the bankruptcy court overruled the objection because Watson had failed to appear as counsel. Based on this conduct, the parties stipulated and the board found that Watson violated Prof.Cond.R. 1.5(a) (prohibiting a lawyer from charging or collecting a clearly excessive fee) and 1.15(a).

{¶ 6} We agree with these findings of misconduct.

### Sanction

{¶ 7} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Gov.Bar R. V(13). However, because each disciplinary case is unique, we are not limited to the factors specified in Gov.Bar R. V(13) and may take into account all relevant factors in determining which sanction to impose.

{¶ 8} The board found three aggravating factors: Watson has prior discipline, he had a selfish motive, and he engaged in multiple offenses. *See* Gov.Bar R. V(13)(B)(1), (2), and (4). As mitigating factors, the board found that Watson made a timely, good-faith effort to make restitution in the Antivero

matter, made full and free disclosure to the board, and had a cooperative attitude toward these proceedings. *See* Gov.Bar R. V(13)(C)(3) and (4).

**{¶ 9}** To support its recommendation of an indefinite suspension, the board cited *Medina Cty. Bar Assn. v. Malynn*, 142 Ohio St.3d 435, 2014-Ohio-5261, 32 N.E.3d 422, and *Dayton Bar Assn. v. Hunt*, 135 Ohio St.3d 386, 2013-Ohio-1486, 987 N.E.2d 662. In *Malynn*, we indefinitely suspended an attorney for neglecting a client matter and charging an improper nonrefundable fee. We had previously disciplined the attorney for neglecting multiple client matters and other violations, and we noted that an additional aggravating circumstance was the fact that he had engaged in the misconduct in his later case while he was being investigated for substantially similar conduct in his first disciplinary case. *See Malynn* at ¶ 1, 9. In *Hunt*, we indefinitely suspended an attorney for engaging in a pattern of neglect and committing other violations, and he likewise had a prior disciplinary sanction for similar misconduct. *See Hunt* at ¶ 4, 12.

**{¶ 10}** Watson's misconduct did not rise to the level of the neglect in *Malynn* or *Hunt*, but similar to the attorneys in those cases, Watson has demonstrated a pattern of the same misconduct in two separate disciplinary matters—namely, repeatedly failing to deposit client funds into his trust account. And even worse, when he engaged in the misconduct at issue here, his prior disciplinary case was either pending or he had already been placed on probation. In addition, the board expressed other concerns about Watson's future ability to practice law in Ohio. First, the board noted that Watson had not refunded any of the Adamses' retainer, although he admitted that he had charged them an excessive fee. Second, and more important, the board concluded that based on Watson's own testimony at the disciplinary hearing, there are serious doubts about his ability to effectively and ethically practice law. Specifically, the board cited Watson's testimony acknowledging that he was no longer practicing law, that during his years of practice he lacked administrative skills and had let his ego

get the best of him, and that his return to the practice of law, if he chooses to attempt to do so, should occur only if he meets certain conditions.

{¶ 11} We have repeatedly recognized that the purpose of disciplinary sanctions is not to punish the offender but to protect the public. *See, e.g., Disciplinary Counsel v. O'Neill*, 103 Ohio St.3d 204, 2004-Ohio-4704, 815 N.E.2d 286, ¶ 53. Based on the record here—including Watson's repeated ethical infractions, despite prior discipline, and his own testimony—we agree with the board that an indefinite suspension, with conditions on any potential reinstatement, will best protect the public. Accordingly, we adopt the board's recommended sanction.

**Conclusion**

{¶ 12} For the reasons explained above, David Charles Watson Jr. is indefinitely suspended from the practice of law in the state of Ohio. Any future reinstatement is conditioned upon Watson (1) adjusting the fee in the Adams matter to the reasonable satisfaction of the parties or, in the alternative, submitting the matter to fee-dispute resolution, (2) reimbursing the Lawyers' Fund for Client Protection for sums paid, if any, as a result of his charging the Adamses an excessive fee, (3) successfully completing the probation imposed in his previous disciplinary case, and (4) complying with all the reinstatement requirements of Gov.Bar R. V(25). Costs are taxed to Watson.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Robert J. Morje, Bruce A. Campbell, Bar Counsel, and A. Alysha Clous, Assistant Bar Counsel, for relator.

John M. Gonzales, for respondent.

_____