**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as**
*Toledo Bar Assn. v. Crosser,* **Slip Opinion No. 2016-Ohio-8257.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-8257

TOLEDO BAR ASSOCIATION *v.* CROSSER.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Toledo Bar Assn. v. Crosser,* Slip Opinion No. 2016-Ohio-8257.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct— Conditionally stayed one-year suspension.*

(No. 2016-0855—Submitted August 17, 2016—Decided December 21, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-029.

_____

**Per Curiam.**

{¶ 1} Respondent, Joan M. Crosser of Rossford, Ohio, Attorney Registration No. 0061345, was admitted to the practice of law in Ohio in 1993. In May 2015, relator, Toledo Bar Association, charged her with professional misconduct for neglecting a client matter and attempting to conceal that neglect with misrepresentations to her clients. The parties entered into stipulations of fact

and rule violations, and after a hearing, the Board of Professional Conduct issued a report finding that Crosser engaged in the stipulated misconduct and recommending that we sanction her with a stayed one-year suspension.

{¶ 2} Upon review of the record, we accept the board's findings of misconduct and its recommended sanction.

**Misconduct**

{¶ 3} In December 2013, Craig and Andrea Schuele retained Crosser to, among other things, file a change-of-custody motion against Craig's former wife. Over the next several weeks, Craig e-mailed Crosser on three different dates requesting an update on his motion. Crosser, however, failed to respond. Nor did she ever file his motion. And to cover up her neglect, she made a series of misrepresentations to the Schueles.

{¶ 4} For example, in February 2014, Crosser advised the Schueles in an e-mail that "it would be more advantageous to dismiss [Craig's] motion" if the local children-services agency supported the Schueles' bid for custody. Later that month, Crosser met with the Schueles and told them that she had filed the custody motion two months earlier. And in April 2014, Crosser wrote in an e-mail to Craig that she would be at the courthouse the following day and would "get the date for the first hearing." When Crosser made those statements to her clients, she knew that she had not filed Craig's motion.

{¶ 5} In May 2014, after sending Crosser several more unanswered e-mails, Craig contacted the domestic-relations court and discovered that there had not been any recent activity in his case. He then terminated Crosser's services and requested that she return his retainer and case file. In response, Crosser apologized for her delays in the case and indicated that any refund would be sent at the end of her 30-day billing cycle. But seven weeks later, having not yet received his refund or his case file, Craig filed a grievance with relator, which resulted in Crosser eventually refunding Craig's retainer and returning his documents.

**{¶ 6}** Based on this conduct, the parties stipulated and the board found that Crosser violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), 1.16(d) (requiring a lawyer to promptly deliver papers and property to the client upon termination of the representation), and 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). We agree with these stipulated findings of misconduct.

**Sanction**

**{¶ 7}** When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors, and the sanctions imposed in similar cases. *See* Gov.Bar R. V(13)(A).

*Aggravating and mitigating factors*

**{¶ 8}** The board did not find any aggravating factors. We note, however, that we suspended Crosser's license for three days in 2011 because she failed to timely register as an attorney for the 2011-2013 biennium. *See In re Attorney Registration Suspension of Crosser*, 130 Ohio St.3d 1420, 2011-Ohio-5627, 956 N.E.2d 310. Although attorney-registration suspensions may not weigh heavily against an attorney when the prior discipline consists of only a brief registration suspension, "[a]n attorney's suspension for failing to comply with attorney-registration requirements is prior discipline and therefore is an aggravating factor." *Disciplinary Counsel v. Anthony*, 138 Ohio St.3d 129, 2013-Ohio-5502, 4 N.E.3d 1006, ¶ 11; *see* Gov.Bar R. V(13)(B)(1).

**{¶ 9}** In mitigation, the board found that Crosser made restitution, cooperated in the disciplinary process, demonstrated good character and reputation in the legal community, and accepted responsibility for her actions. *See* Gov.Bar R. V(13)(C)(3), (4), and (5). The board also found that she acted without a selfish

motive, noting her testimony that she made misrepresentations to her clients because she was embarrassed about failing to timely file the custody motion. *See* Gov.Bar R. V(13)(C)(2). In addition, the board noted that there was no evidence that Crosser's actions harmed the Schueles.

*Applicable precedent*

{¶ 10} To support its recommended sanction, the board relied on *Disciplinary Counsel v. Fumich*, 116 Ohio St.3d 257, 2007-Ohio-6040, 878 N.E.2d 6. Fumich agreed to pursue a medical-malpractice action on behalf of an estate, but he failed to respond to motions for summary judgment, resulting in dismissal of the action. Fumich also failed to inform his clients of the outcome. Two years later, one of the clients inquired about the case, and Fumich falsely told her that the case could be settled. He then withdrew money from his personal retirement account, deposited those funds into his client trust account, and presented his clients with a "settlement" check allegedly resolving the medical-malpractice action. Based on this conduct, we found that Fumich neglected a client matter, acted with dishonesty toward his clients, and improperly deposited personal funds into his client trust account. *Id.* at ¶ 9. In addition, Fumich had failed to promptly return a different client's case file upon the client's request. *Id*.

{¶ 11} We noted in *Fumich* that misconduct involving dishonesty "usually requires an actual suspension from the practice of law" but that "an abundance of mitigating evidence can justify a lesser sanction." *Id.* at ¶ 15. Notwithstanding Fumich's dishonesty, we imposed a stayed one-year suspension due to the absence of aggravating factors and the significant mitigating evidence, including that he had no prior discipline, had paid restitution, had cooperated in the disciplinary process, had accepted responsibility for his wrongful conduct, had submitted various character letters, had not caused financial harm to his clients, and had not acted to exploit his clients' interests. *Id.* at ¶ 11, 16-18.

**{¶ 12}** Other than Crosser's brief attorney-registration suspension, the misconduct and applicable mitigating factors here are comparable to those in *Fumich*. Accordingly, we agree with the board that *Fumich* is applicable precedent, and therefore, the same sanction is warranted in this case.

## Conclusion

**{¶ 13}** For the reasons explained above, we accept the board's findings of misconduct and its recommended sanction. Joan M. Crosser is hereby suspended from the practice of law for one year, with the entire suspension stayed on the condition that she commit no further misconduct. If Crosser violates the condition, the stay will be lifted and she will serve the entire suspension. Costs are taxed to Crosser.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Laurie J. Avery; J. Randall Engwert; and Michael A Bonfiglio, Bar Counsel, for relator.

Adray & Grna and Daniel H. Grna, for respondent.

_____