[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cleveland Metro. Bar Assn. v. Rosett,* Slip Opinion No. 2018-Ohio-3861.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-3861

CLEVELAND METROPOLITAN BAR ASSOCIATION *v*. ROSETT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cleveland Metro. Bar Assn. v. Rosett,* Slip Opinion No. 2018-Ohio-3861.]

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including failing to act with reasonable diligence in representing clients, failing to perform and retain a monthly reconciliation of the funds held in a client trust account, and failing to properly safeguard client funds—Public reprimand.*

(No. 2018-0251—Submitted April 10, 2018—Decided September 26, 2018.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2017-024.

_____

**Per Curiam.**

{¶ 1} Respondent, Wendy Sue Rosett, of Shaker Heights, Ohio, Attorney Registration No. 0055870, was admitted to the practice of law in Ohio in 1991.

**{¶ 2}** We suspended Rosett's license to practice law for one week in November 2015 for her failure to register as an attorney for the 2015 to 2017 biennium. *In re Attorney Registration Suspension of Rosett*, 143 Ohio St.3d 1509, 2015-Ohio-4567, 39 N.E.3d 1277; *In re Reinstatement of Rosett*, 144 Ohio St.3d 1432, 2015-Ohio-5363, 42 N.E.3d 766. [1]

**{¶ 3}** Rosett serves as a part-time magistrate for the Shaker Heights Municipal Court and also runs a solo practice out of her home. Relator, Cleveland Metropolitan Bar Association, charged Rosett with multiple acts of misconduct in a five-count complaint certified to the Board of Professional Conduct on June 2, 2017. The parties stipulated that Rosett neglected five separate client matters, failed to maintain required trust-account records, and failed to adequately protect client funds held in her client trust account. A panel of the board conducted a hearing, adopted the parties' stipulations of fact and misconduct, unanimously dismissed several other alleged rule violations, and recommended that we suspend Rosett from the practice of law for one year, with the entire suspension stayed on conditions. The board adopted the panel's report and recommendation in its entirety, and no objections have been filed.

**{¶ 4}** Having independently reviewed the record and the sanctions imposed for comparable conduct, we adopt the board's findings of fact and conclusions of law and suspend Rosett from the practice of law for one year, with the entire suspension stayed on the conditions recommended by the board.

---

[1] We also suspended Rosett's license for one week in December 2017 for her failure to complete the requisite hours of continuing legal education ("CLE"), to timely file three final reporting transcripts, and to comply with prior sanctions issued by the CLE commission. *In re Continuing Legal Edn. Suspension of Rosett*, 151 Ohio St.3d 1464, 2017-Ohio-9035, 87 N.E.3d 1264. Because this suspension occurred after the panel hearing, the board did not consider it as an aggravating factor in this case.

## Misconduct

### *Count I: Neglect and Client-Trust-Account Violations*

{¶ 5} Richard Krahn retained Rosett in November 2013 to refile a complaint to collect unpaid commissions against his former employer. Mediation failed and neither Rosett nor Krahn appeared for a scheduled arbitration hearing—Rosett claimed that she had not received notice. The arbitrator ruled in the employer's favor and denied Rosett's motion for reconsideration.

{¶ 6} Rosett claimed that on July 30, 2014, approximately one week after receiving the denial of the motion for reconsideration, she sent a letter to Krahn informing him of the missed arbitration hearing and the adverse decision in his case. The letter also allegedly instructed Krahn to contact Rosett immediately regarding a possible appeal. Krahn, however, denied having received any such correspondence. He had no further contact with Rosett until he arranged to meet with her in July 2015.

{¶ 7} Rosett stipulated that during her representation of Krahn, she not only failed to maintain a client ledger, but also failed to perform monthly reconciliations of her client trust account. She acknowledged that when Krahn demanded a refund of his attorney fees, she told him that he owed her additional fees for services rendered, but that she elected not to pursue recovery. After Krahn obtained a $1,750 default judgment against Rosett, she satisfied the judgment and also reimbursed him for his attorney fees and litigation expenses.

{¶ 8} The parties stipulated and the board found that Rosett's conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.15(a)(2) (requiring a lawyer to maintain a record for each client on whose behalf funds are held), and 1.15(a)(5) (requiring a lawyer to perform and retain a monthly reconciliation of the funds held in the lawyer's client trust account).

*Counts II, III, and V:  Neglect of Additional Client Matters*

{¶ 9} While investigating Krahn's grievance, relator discovered that Rosett had neglected the legal matters of two additional clients.  In a foreclosure action against client Larry Sims, she failed to timely file an answer, failed to appear at a default-judgment hearing, and failed to timely appeal the default judgment.  She also failed to attend a scheduled mediation session and failed to timely file an answer on behalf of foreclosure client Lynn Tezak.  Rosett also reported that she had missed two filing deadlines in other client matters.  Based on these facts, the parties stipulated and the board found that Rosett committed three additional violations of Prof.Cond.R. 1.3.

*Count IV:  Failure to Safeguard Client Funds*

{¶ 10} Rosett represented Shayna Brooks in an eviction matter.  In September 2015, Rosett allowed Brooks to direct a $700 payday-loan deposit to her client trust account because Brooks did not have a checking account.  The lender made a $700 wire transfer to Rosett's client trust account on September 11, 2015, and Rosett issued a $700 check from her client trust account to Brooks that same day.  Rosett consented to a second deposit of $700 the following week and issued three checks to Brooks in anticipation of the deposit—one from Rosett's personal account and two from her client trust account.  But the lender never made the second deposit, and Rosett's client trust account became overdrawn.  A second overdraft occurred several weeks later when the lender attempted to withdraw $885.06 from Rosett's client trust account.  Rosette reimbursed all bank fees from her personal funds and no client funds were harmed.

{¶ 11} The parties stipulated and the board found that this conduct violated Prof.Cond.R. 1.15(a) (requiring client funds to be properly safeguarded in a client trust account).

4

**Sanction**

{¶ 12} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases. Because each disciplinary case is unique, however, we may take all the relevant factors into account when determining which sanction to impose in any particular case. *Columbus Bar Assn. v. Watson*, 144 Ohio St.3d 317, 2015-Ohio-4613, 42 N.E.3d 752, ¶ 7.

{¶ 13} As aggravating factors, the parties stipulated and the board found that Rosett has prior discipline and committed multiple offenses. *See* Gov.Bar R. V(13)(B)(1) and (4). The board adopted the parties' stipulated mitigating factors, which include the absence of a dishonest or selfish motive and Rosett's good character. *See* Gov.Bar R. V(13)(C)(2) and (5). The board also found that Rosett's timely, good-faith effort to rectify the consequences of her misconduct was a mitigating factor. *See* Gov.Bar R. V(13)(C)(3).

{¶ 14} While the board recognized that Rosett had struggled for 18 years to balance the demands of her private practice with her duties as a part-time magistrate for the Shaker Heights Municipal Court, it also determined that she had taken active steps to rectify her inattentiveness and poor office management in the wake of this disciplinary action. For example, she reduced her private caseload and revised her magistrate schedule, which was once three days per week, to two ten-hour days. She also arranged to employ a part-time assistant to work with her on an as-needed basis and has adopted written policies and procedures to improve her ability to manage her practice. Rosett also testified that she would welcome the assistance of a monitoring attorney as one of the sanction conditions.

{¶ 15} The board recommends that Rosett be suspended from the practice of law for one year, with the entire suspension stayed on conditions that would require her to complete additional CLE courses that are focused on law-office

management, serve a period of monitored probation, and commit no further misconduct. In support of this sanction, the board cites three cases in which we have imposed one-year suspensions stayed on similar conditions for comparable misconduct. *See Toledo Bar Assn. v. Crosser*, 147 Ohio St.3d 499, 2016-Ohio-8257, 67 N.E.3d 789 (attorney neglected a client's legal matter and attempted to conceal that neglect); *Trumbull Cty. Bar Assn. v. Yakubek*, 142 Ohio St.3d 455, 2015-Ohio-1570, 32 N.E.3d 440 (attorney neglected a client's bankruptcy matter and failed to reasonably communicate with the client); and *Allen Cty. Bar Assn. v. Brown*, 124 Ohio St.3d 530, 2010-Ohio-580, 925 N.E.2d 112 (attorney accepted retainer but failed to perform any of the contracted work and neglected a second client's legal matter).

{¶ 16} Having independently reviewed the record and the sanctions imposed for comparable conduct, we adopt the board's findings of fact and conclusions of law, and we suspend Rosett from the practice of law for one year, with the entire suspension stayed on the conditions recommended by the board.

{¶ 17} Accordingly, Wendy Sue Rosett is suspended from the practice of law in Ohio for one year, with the suspension stayed in its entirety on the conditions that, in addition to the CLE requirements of Gov.Bar R. X, she complete six hours of CLE during her suspension to be focused on law-office management, serve a one-year period of monitored probation in accordance with Gov.Bar R. V(21), and engage in no further misconduct. If Rosett fails to comply with the conditions of the stay, the stay will be lifted, and she will serve the entire one-year suspension. Costs are taxed to Rosett.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

_____

6

Jordan D. Lebovitz, Brenda M. Johnson, Heather M. Zirke, Bar Counsel, and Kari L. Burns, Assistant Bar Counsel, for relator.

Law Office of Philip A. King, L.L.C., and Philip A. King, for respondent.

_____